IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD JOSEPH PHILLIP SCHOONOVER, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>HAROLD CLARKE, )<br>    Respondent. ) | Civil Action No. 7:18-cv-249<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

MEMORANDUM OPINION

Petitioner Richard Joseph Phillip Schoonover, a Virginia inmate proceeding *pro se*, filed in this court two related petitions for writs of habeas corpus, pursuant to 28 U.S.C. § 2254. Each one challenges the validity of his confinement resulting from a judgment of the Circuit Court for Floyd County. In this case, Schoonover challenges the state court's December 9, 2014 judgment revoking his probation and imposing the remainder of the suspended sentence on his larceny convictions, a total of four and a half years' imprisonment. (CR08000148-03, CR08000149-3, and CR08000150-03). The violation that led to the revocation and imposition of the challenged sentence here was Schoonover's conviction for distribution of heroin as an accommodation, in violation of Virginia Code § 18.2-248(D). The distribution charge was challenged by Schoonover in his second habeas petition before this court, Civil Action No. 7:18-cv-203, which is being addressed by separate opinion.

In his petition in this case, Schoonover asserts two grounds for relief. First, he claims that the state court violated his constitutional right to due process at the probation violation hearing. Importantly, he does not challenge that there were grounds to revoke his probation, and he admits that his conviction on the drug charge violated the terms of his probation. Instead, he asserts that the sentence imposed was based on erroneous information, and thus the proceeding

and sentence violated his due process rights.

Second, he claims that he received ineffective assistance of counsel at the probation violation hearing because his counsel "failed to object to the Court sentencing him based on misinformation." According to Schoonover, this failure prejudiced him on appeal because the appellate court deemed the error unpreserved. (Dkt. No. 1-1 at 2–3.)

Respondent filed a motion to dismiss the petition, and Schoonover has responded, making the matter ripe for disposition. After a careful review of the briefing and record, the court concludes that Schoonover is not entitled to relief on either claim. As to his first claim, it is procedurally defaulted, and he has not shown cause and prejudice for the default. As to the second claim, it fails because he did not have a constitutional right to counsel in his revocation proceeding. For these reasons, the court will grant the motion to dismiss. The court also will deny Schoonover a certificate of appealability.

## I. BACKGROUND

In 2009, Schoonover was convicted of burglary and larceny charges in Case Nos. CR08000147 through CR08000150 in the Floyd County Circuit Court. He was sentenced to a total of 9 years with 5 years and 3 months suspended. He was released in April 2013 and began a period of probation. After he failed three drug screens and learned that there was a capias for his arrest, he turned himself in to the authorities on June 11, 2013. The judge revoked his probation and sentenced him to the remainder of the suspended sentence, but he re-suspended all but nine months. Schoonover remained in custody after the expiration of that nine-month sentence because of the separate drug charges against him. (Dkt. No. 19 at 2.)

In September 2014, Schoonover pled guilty and was sentenced for the distribution of heroin as an accommodation, in Cr. No. 13-288. On December 9, 2014, the court denied his

2

motion to withdraw his guilty plea in Cr. No. 13-288 and proceeded to the revocation proceeding challenged here. After hearing testimony (including from Schoonover), as well as argument from counsel for the Commonwealth and the defendant, the court revoked Schoonover's probation and imposed the entire remainder of his previously suspended sentences in Case Nos. CR08000148 through CR08000150—four years and six months. The basis for the revocation was his conviction on the drug charge.

At both the initial hearing and at a subsequent hearing on a motion to reconsider, held on April 19, 2016, the sentencing judge's statements indicated that he believed Schoonover had gotten out of jail at some point after the first revocation proceeding and had failed to succeed in the New Life treatment program. (Dkt. No. 1-1 at 2–3.) Schoonover argues that this was erroneous: he never had the opportunity to participate in the New Life treatment program because he was not released from jail in between the first and second revocation proceedings. He claims that the error by the sentencing court constituted a violation of his federal due process rights. (*Id.*)

## II. PROCEDURAL HISTORY[1]

Schoonover appealed, in a single appeal, both the trial court's refusal to allow the withdrawal of the guilty plea and the trial court's decision revoking his previously suspended sentences, but the Virginia Court of Appeals denied his petition for appeal in a per curiam order entered September 9, 2015, and by a three-judge order entered October 19, 2015. (Record No.

---

[1] Petitioner has attached many state court documents as exhibits to his petition, including the decision of the habeas court (Dkt. No. 1-3) and transcripts from both the revocation hearing, (Dkt. No. 1-4), and the April 19, 2016 hearing, (Dkt. No. 1-4). The court cites to those where possible, using the ECF-generated page numbers for each. Paper copies of the records from the Floyd County Circuit Court and from the Supreme Court of Virginia are on file with the Clerk. Citations in this opinion to "Habeas Rec." refer to the paper records from the Floyd County Circuit Court in the state habeas case, CL16-118. The page numbers refer to the handwritten numbers at the bottom of each page. Records from the Court of Appeals of Virginia were docketed in Case No. 7:18cv00203 (W.D. Va.), and the court takes judicial notice of those and has considered the relevant portions in ruling on this case.

2297-14-3.) The Supreme Court of Virginia ("SCV") refused his petition for appeal by order dated August 25, 2016. (Record No. 151808.) By order dated December 12, 2016, the SCV denied his petition for rehearing. Schoonover filed a petition for certiorari in the Supreme Court of the United States, which was denied on June 19, 2017. *Schoonover v. Virginia*, No. 16-8722, 137 S. Ct. 2271 (2017).

While his direct appeals proceeded, Schoonover filed a motion for reconsideration of the revoked sentences in the Floyd County Circuit Court. The trial court held a hearing on that motion on April 19, 2016, hearing the argument of counsel and allowing Schoonover to personally address the court.[2] The court denied the motion for reconsideration. (*See generally* Dkt. No. 1-5, Transcript of April 19, 2016 proceedings.) Schoonover filed a *pro se* appeal from that denial, which was denied by the Court of Appeals in both one-judge and three-judge orders. The SCV *dismissed* Schoonover's subsequent appeal on June 20, 2017, under Virginia Supreme Court Rule 5:14(a), because he had failed to file a timely notice of appeal in the Court of Appeals of Virginia.[3] (Record No. 170418.)

Schoonover also filed petitions for writ of coram vobis in the state circuit court and raised this claim in one of them. (CL17000013-11). That petition was denied for lack of jurisdiction, and the SCV denied his appeal of that judgment on December 12, 2017. (Record No. 170609.)

In September 2016, Schoonover timely filed a habeas petition in the Floyd County Circuit Court, *Schoonover v. Clarke*, No. CL16-118, which again raised claims related to both criminal proceedings. The habeas court denied and dismissed the habeas petition on January 31,

---

[2] Because Schoonover had not yet been transferred to the custody of the Virginia Department of Corrections, the trial court retained jurisdiction to grant such relief.

[3] Rule 5:14(a) states: "No appeal from a judgment of the Court of Appeals which is subject to appeal to [the Virginia Supreme] Court shall be allowed unless, within 30 days after entry of final judgment or order denying a timely petition for hearing, a notice of appeal is filed with the clerk of the Court of Appeals."

4

2017, after declining to hold an evidentiary hearing. (Dkt. No. 1-3; *see also* Habeas Rec. 545 (letter from court declining to hold hearing).) Schoonover appealed that judgment to the SCV. (Record No. 170564.) The SCV refused the appeal of the habeas judgment by order entered March 30, 2018, finding "no reversible error." (Dkt. No. 1-3.) This federal petition followed.

III. DISCUSSION

A. **Claim 1: Due Process Claim**

As noted, Schoonover admits that his conviction on the drug distribution charge violated the terms of his probation. He contends, though, that the decision to revoke his probation and reimpose the entirety of his suspended sentence violated his constitutional due process rights because the state court misunderstood the evidence, or relied on misinformation, in making its decision.[4]

Schoonover's claim, however, is not properly before this court because he failed to exhaust it and because he cannot show cause for that default.

1. **Exhaustion and procedural default**

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)). To meet the exhaustion

---

[4] To the extent Schoonover is arguing that the state court abused its discretion by relying on misinformation, that does not provide a basis for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") Instead, a "federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* Thus, Schoonover may state a claim cognizable in federal habeas only if he shows that the "abuse of discretion" resulted in a due process violation. *Muse v. Brown*, No. 3:12cv140-HEH, 2013 WL 819729, at *5 (E.D. Va. Mar. 5, 2013) ("[O]nly a conclusion that the state court judge abused his discretion to the extent that petitioner was deprived of his federal constitutional rights to due process could justify any intrusion by [a federal habeas court]." (citations and internal quotations omitted)); *see also Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (holding that due process in parole revocation proceedings should assure that the finding of a parole violation will be based on "verified facts" and . . . informed by an "accurate knowledge of the parolee's behavior").

5

requirement, a petitioner "must have presented to the state court both the operative facts and the controlling legal principles." *Kasi v. Angelone*, 300 F.3d 487, 501–02 (4th Cir. 2002) (internal quotation marks and citation omitted). The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). "If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, then the petitioner has procedurally defaulted his federal habeas claim." *Id.* As explained in *Coleman v. Thompson*, 501 U.S. 722, 732 (1991), this is because "[a] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." That is the case here.

There are four times that the SCV has entered an order on issues related to the revocation proceeding: on direct appeal, on appeal from the denial of Schoonover's motion for reconsideration, on appeal from the denial of Schoonover's writ of coram novis, and on appeal from the denial of Schoonover's state habeas petition. In none of those instances, however, was the claim asserted here addressed on its merits; it either was not raised or was denied on state procedural grounds.

As to the direct appeal, Schoonover never raised this issue before any Virginia court. Although Schoonover challenged his revocation on other grounds on direct appeal, he did not argue on direct appeal before any state court that the revocation violated his due process rights because it was based on misinformation. Instead, he did not raise that claim until he petitioned the Supreme Court of the United States for certiorari. Accordingly, it was not "fairly presented" to the highest state court on direct appeal. Schoonover does not contest this fact. (*See generally* Dkt. No. 19 at 5–7, Schoonover's Resp. to Mot. Dismiss.)

As to the appeal from the denial of his motion for reconsideration, he raised the issue before the Court of Appeals of Virginia, which addressed it on its merits, but the SCV *dismissed* that appeal as untimely. Thus, it was simultaneously exhausted and defaulted in that appeal and was never addressed on its merits. The dismissal of an appeal as untimely is a state ground adequate and independent to bar review on federal habeas. *O'Dell v. Netherland*, 95 F.3d 1214, 1243 (4th Cir. 1996). Again, Schoonover does not contend otherwise. (*See generally* Dkt. No. 19.)

Schoonover filed a coram vobis petition raising the issue, as well, but that was dismissed by the trial court on procedural grounds because the trial court found it lacked jurisdiction. The SCV again summarily refused the appeal of that judgment. (Record No. 170609.) The SCV did not have the opportunity to address the claim on its merits in that proceeding because it affirmed the ruling that the trial court lacked jurisdiction. Thus, it was not properly presented on that appeal, either.

Lastly, in ruling on Schoonover's state habeas petition, which raised this claim, the habeas court found the claim procedurally defaulted because Schoonover could have raised the issue at trial and on direct appeal, but he failed to do so. (Dkt. No. 1-3 at 6.) *See Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974) (holding that a claim could not be brought in a state habeas petition if it could have been brought on direct appeal). The *Slayton* bar "constitutes an adequate and independent state law ground for default"; thus, that claim is procedurally barred from consideration on federal habeas. *Vinson v. True*, 436 F.3d 412, 417 (4th Cir. 2006).

Schoonover does not contend that the issue was addressed on its merits by the SCV in his direct appeal, or on the appeals concerning either his motion for reconsideration or the petition for coram vobis. Instead, Schoonover argues that the state habeas court did not "clearly

7

and expressly" state that its judgment was based on a procedural bar, and thus it should be treated as having been addressed on the merits. (*Id.* at 4–5 (citing *Harris v. Reed*, 489 U.S. 255 (1989)).) Accordingly, his argument continues, the merits of the issue were presented to the SCV on appeal from the habeas petition.

Schoonover's reliance on *Harris*, however, is misplaced. In *Harris*, the Supreme Court concluded that the "plain statement" rule applied in federal habeas, and thus that a claim would be treated as having been addressed on the merits unless the state court "clearly and expressly" relied on a procedural rule to dispose of the claim. 489 U.S. at 265–66. Thus, he contends that the claim was, in fact, presented to the SCV when that court summarily denied his petition to appeal from the habeas decision.

Schoonover's argument fails because its underlying premise is not supported by the habeas court's decision. He attempts to point to language in the habeas decision to say that the issue was not clearly and expressly determined on a procedural ground. But it plainly was. The *entirety* of the habeas court's analysis of this issue was as follows:

> In Claim B5, it appears that Schoonover argues that the Court misunderstood evidence as to the sequence of events regarding the violation of terms of probation. He also appears to argue about court hearings beyond the drug conviction and subsequent revocation proceeding which are the subject of this habeas corpus petition. The Court finds that this claim is a trial error claim that must be litigated on direct appeal, and it is not cognizable in habeas corpus. *See Parrigan*, 215 Va. at 30, 205 S.E.2d at 682; *see also Henry v. Warden*, 265 Va. 246, 248–49, 576 S.E.2d 495, 496 (2003).

(Dkt. No. 1-3 at 6.) Nothing in that paragraph even remotely hints that the court was addressing the claim on the merits. Instead, the court clearly considered it barred due to Schoonover's failure to raise it on direct appeal. The cases the habeas court cited further support this—both of which were state cases, not federal. *Parrigan* holds that a claim must be raised to the state court

8

on direct appeal or it cannot be considered in habeas. And *Henry* makes clear that trial error claims must be litigated on direct appeal (as opposed to ineffective assistance of counsel claims, for example).

Thus, the state court's opinion here is unlike *Harris*, in which the state court noted that most of the petitioner's claims "could have been raised [on] direct appeal," 489 U.S. at 266, but then "went on to reject the federal claim on the merits," thereby rendering the reference to state law "insufficient to demonstrate clearly whether the court intended to invoke waiver as an alternative ground," *id.* at 266 n.13.[5] As the Supreme Court has explained, the plain statement requirement "applies only when it fairly appears that a state court judgment rested primarily on federal law or was interwoven with federal law, that is, in those cases where a federal court has good reason to question whether there is an independent and adequate state ground for the decision. In the rest of the cases, there is little need for a conclusive presumption [that the state court relied on federal law]." *Coleman v. Thompson*, 501 U.S. 722, 739 (1991).

Applying *Coleman* here, it does not "fairly appear" that the habeas court was relying on federal law for disposition of this claim or that its disposition was in any way interwoven with federal law. Indeed, the decision does not reference federal law at all with regard to this claim. For these reasons, Schoonover's arguments about the "plain statement" rule are unavailing. Schoonover's due process claim is procedurally defaulted.

## 2. Excuse for default: cause and prejudice

A state prisoner can obtain federal habeas review of a procedurally defaulted claim if he

---

[5] A state court decision satisfies the "plain statement" rule, though, even where the state court uses alternative holdings. *Ashe v. Styles*, 39 F.3d 80, 86 (4th Cir. 1994). Thus, where a state court addresses both "the merits of the federal question but also invokes a state procedural bar that is adequate and independent of federal law as an independent ground for decision, a federal court must accord respect to the state law ground for decision, even if it is convinced the treatment of federal law was incorrect." *Id.; see also Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (noting same and citing to *Harris* and *Ashe* for support).

9

shows either (1) cause and prejudice or (2) a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Schoonover makes no allegation of actual innocence so as to satisfy the "miscarriage of justice" exception.[6] Instead, he argues that he has shown cause and prejudice for his default.

To establish cause, a petitioner must identify "some objective factor external to the defense" that impeded him from raising his claim at an earlier stage. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner must also show that "the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding." *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). To establish prejudice, a petitioner must establish that the alleged constitutional violation worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (citation omitted). "[T]he 'cause and prejudice' test is framed in the conjunctive, the absence of cause makes unnecessary an inquiry into prejudice." *Davis v. Allsbrooks*, 778 F.2d 168, 176 (4th Cir. 1985).

Schoonover argues that he has shown cause because, at the December 9, 2014 hearing, he was "not afforded the opportunity to contest the allegations or comment on the information on which sentence was based" and was not "able to speak with [his] attorney to have him object because [he] was escorted out of the courtroom before [he] could do so." (Dkt. No. 19 at 7.) Because he was not permitted to object, he states that he was "deprived of preserving the issue for appeal." (*Id.*) He contends that *Slayton* should not bar his claim because he was not afforded a "full and fair opportunity" to raise the issue because the court would not allow him to object. (*Id.*)

---

[6] The fundamental miscarriage of justice exception to claims that are otherwise procedurally defaulted requires a petitioner to proffer a colorable claim of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324–25 (1995).

10

Although he couches his arguments as showing "cause," they are more properly characterized as a challenge to the state court's application of its own rule. This is not permitted on federal habeas. *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1988) ("After determining that a state court relied on an adequate and independent state-law ground for decision, we 'may only inquire into whether cause and prejudice exist to excuse [a state procedural] default, not into whether the state court properly applied its own law.'") (citation omitted).

In any event, it is not sufficient "cause" to show that the sentencing judge did not allow him to make his argument at the revocation hearing.[7] Instead, "[c]ause excuses the failure to raise a claim during a state proceeding if 'the factual or legal basis for the claim was not reasonably available.'" *Id.* at 845 (quoting *McClesky*, 499 U.S. at 494). The petitioner here knew as he was leaving the courtroom that the trial court had stated incorrect factual information. If he was not permitted to object on the record at the conclusion of the hearing, nothing prevented him or his attorney from raising the allegations prior to the expiration of his filing deadline for his direct appeal. *See Fisher*, 163 F.3d at 845. Thus, the court concludes that he cannot show cause for his default, and there is no need to address prejudice. *See Davis*, 778 F.2d at 176. Claim 1 is procedurally defaulted and barred from review.

## B. Claim 2: Ineffective Assistance of Counsel

Schoonover's second claim is a claim that he was denied effective assistance of counsel because his counsel at the revocation proceedings failed to object to misinformation being used, thereby failing to preserve that issue for appeal.

This claim fails because respondent correctly notes that Schoonover had no *per se* constitutional right to counsel at his probation revocation hearing. *Gagnon v. Scarpelli*, 411 U.S.

---

[7] As noted, moreover, Schoonover testified at that hearing. (*See* Dkt. No. 1-4 at 24–35.)

778, 790 (1973); *see also United States v. Ward*, 770 F.3d 1090, 1099 (4th Cir. 2014) (explaining that "a supervised release revocation proceeding is not a criminal prosecution" and a defendant does not have the full panoply of constitutional rights during such a hearing). There is a statutory mechanism for appointment of counsel in such proceedings, both in Virginia and in federal courts. Va. Code Ann. § 53.1-165 (allowing for discretionary appointment of counsel in revocation proceedings); 18 U.S.C. § 3006A(a)(1)(C) & (E)). But that fact does not make counsel *constitutionally* mandated.[8]

*Gagnon* explained that "fundamental fairness" may require counsel at some revocation hearings, but counsel is constitutionally required only under certain circumstances. 411 U.S. at 790–91. Specifically, the probationer must make "a timely and colorable claim (i) that he has not committed the alleged violation of the conditions . . . or (ii) that . . . substantial reasons . . . justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present." *Id.* Option (i) is clearly inapplicable here; Schoonover admits his violation. As to Option (ii), Schoonover has not presented substantial reasons justifying or mitigating the violation. It is undisputed that Schoonover committed a felony drug offense while on probation. The trial court also could consider the fact that it had previously revoked Schoonover's probation because he used drugs and failed drug screens while on probation. Although Schoonover asserts that the trial judge misunderstood the timing of his violations and his release, the timing does not justify or mitigate the violation or make revocation inappropriate. Thus, Schoonover had no constitutional entitlement to counsel and cannot state an

---

[8] A number of district courts within the Fourth Circuit, including this court, have rejected claims of ineffective assistance of counsel in revocation proceedings for persons on supervised release or on state probation. *E.g.*, *Wheeler v. United States*, No. 5:18-cv-68-FDW, 2018 WL 3349711, at *3 (W.D.N.C. July 9, 2018); *Peery v. Director, Va. Dep't of Corr.*, No. 7:16CV00225, 2017 WL 3996429, at *5–6 (W.D. Va. Sept. 11, 2017); *United States v. Ellis*, No. 6:01-1072-HMH, 2007 WL 4206178, at *1 (D.S.C. Nov. 28, 2007); *United States v. Allgood*, 48 F. Supp. 2d 554, 559–60 (E.D. Va. 1999).

ineffective assistance of counsel claim based on counsel's failure to object at the revocation hearing.

## IV. CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss. Further, concluding that petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability will be denied.

An appropriate order will be entered.

Entered: September 30, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge